# THE UNITED STATES *vs.* YOSHICHI IWAGOE.

## January 17, 1906.

*Costs—Authority of the Courts as to:*    The federal courts have no authority to award costs other than those allowed by law.

*Same—"Transporting Criminals":*    The sentence "for transporting criminals, ten cents a mile for himself and each prisoner and necessary guard", in section 829 of the R. S. U. S., construed to include the transportation of persons arrested on a criminal charge from the place of arrest to the place of detention.

*Same—Same—Charges for Additional Expenses:*    Under the foregoing provision charges for additional expenses for transportation and subsistence disallowed as costs.

*Same—Charges for Additional Expenses:*    Marshal's charges for expenses, in addition to his compensation for service and travel (mileage), while employed in endeavoring to arrest under process any person charged with or convicted of a crime, limited to two dollars a day.

Criminal Law:    Taxation of Costs.

Robert W. Breckons, U. S. District Attorney, for Plaintiff.

J. W. Cathcart, Attorney for Defendant.

DOLE, J.    The defendant, Yoshichi Iwagoe, was indicted and pleaded guilty to the charge of unlawfully carrying on the business of a brewer without paying the special tax therefor required by law, and was fined in the sum of fifty dollars and required to pay the costs of court.    The defendant was released from custody by the order of the court upon depositing with the clerk an amount sufficient to cover the items of fine and costs, which amount was to be retained by the clerk until the costs were taxed by the court.    The matter came up before the court and argument was had by counsel for both parties.

The federal courts have no authority to award costs other than those allowed by the statute.    *Revised Statutes,* Sec. 823.

The bill of costs exhibited is as follows:

Marshal's fees ..................... $96.94
Clerk's fees ....................... 7.65
Commissioner's fees ................ 9.55
Witness' fees ...................... 41.20

Making a total of.................. $155.34

Section 829 of the Revised Statutes, relating to marshal's fees as costs, contains the following paragraphs, not contiguous:

"For expenses while employed in endeavoring to arrest, under process, any person charged with or convicted of a crime, the sum actually expended, not to exceed two dollars a day, in addition to his compensation for service and travel"; and

"For transporting criminals, ten cents a mile for himself and for each prisoner and necessary guard; except in the case provided for in the next paragraph."

These paragraphs leave the question of the fees of the marshal for transporting a prisoner after his arrest to the place of confinement and trial, as to costs, somewhat vague. An obvious construction of the first paragraph would apply it only to the services of the marshal up to the time of making the arrest, and looking to the second paragraph for his fees for the transportation of the prisoner and himself from the place of the arrest to the place of confinement and trial. But the provisions of the second paragraph are "for transporting criminals", but a person arrested is not necessarily a criminal. The paragraph following the second quoted paragraph, provides "for transporting criminals convicted of a crime in any district or Territory where there is no penitentiary available for the confinement of convicts of the United States, to a prison in another district or Territory," etc. This paragraph, defining the criminals to which it applies as those "criminals convicted of a crime", may perhaps support the theory that the word "criminals" in the preceding paragraph, standing alone and without any defining words ,except possibly the word "prisoner" in the same sentence, is used in a loose way without intending the meaning of convicted criminals.

The view that the first paragraph was not intended to cover the transportation of an arrested person and the marshal after the arrest, is supported by another paragraph in this section, which provides for the marshal's fees for travel in serving a warrant, and limits such fees for his travel "in going only to serve such" warrant, and making no provision for fees for his return.

In view of these considerations and in the absence of any obtainable precedent to the contrary, I shall apply the provisions of the second paragraph quoted to this case.

The marshal's fee bill, as furnished by him, is as follows:

"In the Matter of Marshal's Fees and Costs in U. S. vs. Iwagoe.

### First Item.

| | |
|---|---|
| Sept. 1. Serving warrant (Commr's) at Keilae, Hawaii | $ 2.00 |
| Travel to serve, 194 miles at 6¢... | 11.64 |
| Transporting prisoner and marshal from Kailua to Honolulu, 194 miles, 388 miles at 10¢ | 38.80 |
| Sept. 1. Serving witnesses (2) at Keokea, Hawaii | 1.00 |
| Releasing prisoner on bond | .50 |
| Attendance of marshal before Commr | 2.00 |
| | $55.94 |

### Second Item.

| | |
|---|---|
| Boarding and lodging at Keokea, Hawaii, from lodging Aug. 26 to lodging Aug. 28, inclusive | $ 4.50 |
| Team and driver from Kailua to Keilae and return to Kailua, about 22 miles | 7.50 |

Board and lodging at Kailua, din-
ner Aug. 28 to breakfast Aug.
31, inclusive ................... 4.50
Hack hire from steamer to Oahu
Jail ........................ .50
Steamer fare from Honolulu to
Kailua and return for marshal... 20.00
Steamer fare for defendant from
Kailua to Honolulu............ 4.00

$41.00
Total ...................... $96.94"

These charges are taxed as costs as follows:

Serving warrant at Koekea, Hawaii.$ 2.00
Travel of marshal to place of ar-
rest, 194 miles at 6¢.......... 11.64
Board and lodging at place of
arrest from lodging Aug. 26
to lodging Aug. 28, in-
clusive .................$4.50
Team and driver from Kailua
to place of arrest and re-
turn ................... 7.50
Allowing ½ of this for service
of team in making arrest... 3.75

$8.25
Out of this $2 a day for 3 days in
addition to marshal's compensa-
tion for service and travel...... 6.00
Transportation of prisoner and mar-
shal from place of arrest, Keo-
kea, to Honolulu Jail, 195 miles
or 390 miles for the two at 10¢.. 39.00
Serving 2 witnesses at Keokea..... 1.00

Releasing prisoner on bond........ .50
Attendance of marshal before Com-
missioner ................... 2.00
                                   _____
                                   $62.14

The item for board and lodging at Kailua, dinner August 28 to breakfast August 31, inclusive, $4.50, is disallowed as costs, the provision of the law allowing for the transportation of criminals and prisoners, ten cents a mile only.

The item for hack hire to Oahu jail, $ .50, is disallowed for the same reason, that distance being included above in the mileage charged.

The item "steamer fare from Honolulu to Kailua and return for marshal, $20," is disallowed as costs, that being covered in the mileage charged as above.

"Steamer fare for defendant from Kailua to Honolulu, $4.00," is also disallowed, mileage for such distance having been charged and allowed.

The other charges in the bill for clerk's fees, commissioner's fees and witness' fees, amounting to $58.40, are allowed as charged, making a total of $120.54.

It is evident that there are many allowances to officers for fees and expenses in connection with attendance on the courts and service in connection with litigation which are not chargeable as costs. The statute of May 28th, 1896, (Chap. 252, 29 Stat. L. 140), making appropriation for the legislative, executive and judicial expenses of the government and for other purposes, making special provision against the danger of mistaking such allowances in certain cases provided in the statute as costs, in the following language, in section 17 of the judicial division of such appropriation bill:

"That sections six to fifteen, inclusive, of this Act shall not be so construed as to prevent or affect the amount or taxation of costs against the unsuccessful party in civil proceedings or against defendants convicted of crimes or misdemeanors." *29 U. S. Stat. L., 183.*